IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JOSE L. OLIVA § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:18-CV-15 |
| § | |
| UNITED STATES OF AMERICA, § | |
| MARIO J. NIVAR, HECTOR § | |
| BARAHONA and MARIO GARCIA, § | |
| § | |
| *Defendants*, § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### INTRODUCTION

COMES NOW Plaintiff, Jose L. Oliva and files this lawsuit against the United States of America and U.S. Department of Veteran Affairs Police Officers Mario J. Nivar and Mario Garcia, and U.S. Department of Veteran Affairs Police Captain Hector Barahona, alleging violations of his civil rights and requesting relief under the United States Constitution and the Federal Tort Claims Act (FTCA).

As alleged with greater specificity in paragraphs 9 through 20 of this Original Complaint, Plaintiff alleges that he was unlawfully assaulted, arrested, and detained by Officer Nivar, Officer Garcia, and Captain Barahona, employees of the U.S. Department of Veteran Affairs.

### JURISDICTION AND VENUE

1. This is a civil action brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671-2680.

2. Venue is proper in the Western District of Texas under 28 U.S.C. § 1402(b) because the events giving rise to these claims occurred in this judicial district.

3. On April 25, 2017, Plaintiff filed a timely administrative complaint with the United States Department of Veteran Affairs ("VA").  The VA denied Plaintiff's claims with correspondence dated July 20, 2017.  Plaintiff files this suit within six months after the date of the denial letter.  Jurisdiction is appropriate pursuant to 28 U.S.C. § 2675(a).

**PARTIES**

4. Plaintiff Jose L. Oliva resides in El Paso, Texas.

5. Defendant United States of America is a sovereign nation responsible for the enforcement of laws through officers, agents, and employees of the Department of Veteran Affairs.  Service may be obtained by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to Ms. Melissa Albright, Civil Process Clerk, Office of the United States Attorney for the Western District of Texas 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216; and by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to David J. Shulkin, Office of the Secretary of Veteran Affairs, U.S. Department of Veteran Affairs, 17221 I Street NW, Washington, D.C. 20421.

6. Upon information and belief, Defendant Mario J. Nivar resides in El Paso, Texas.  Service may be obtained by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to his place of employment 5001 N. Piedras St., El Paso, Texas 79903, or at 5808 Redstone Rim Drive, El Paso, Texas 79934, or wherever he may be found.

7. Upon information and belief, Defendant Hector Barahona resides in El Paso, Texas.  Service may be obtained by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to his place of employment 5001 N. Piedras St., El Paso, Texas 79903 or at 1608 Doug Olson Drive, El Paso, Texas 79936, or wherever he may be found.

8. Upon information and belief, Defendant Mario Garcia resides in El Paso, Texas. Service may be obtained by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to his place of employment 5001 N. Piedras St., El Paso, Texas 79903 or wherever he may be found.

## STATEMENT OF FACTS

9. On February 16, 2016, Jose L. Oliva was 70 years old and lived at 611 Bluff Canyon Circle in El Paso, Texas. Mr. Oliva was five feet nine inches and weighed 192 pounds.

10. On February 16, 2016, Mr. Oliva, a veteran, visited the El Paso Veteran Affairs Health Care System for a scheduled appointment.

11. At the metal detector station near the entrance of the building, Mr. Oliva was asked to empty his pockets into the inspection bin. He complied with this request.

12. After Mr. Oliva had emptied his pockets, Veteran Affairs Police Officer Nivar then asked Mr. Oliva for his identification. Mr. Oliva calmly explained that his identification was, like the rest of his items, currently in the inspection bin and, as such, in the custody of Officer Nivar. Mr. Oliva was not confrontational and did not raise his voice.

13. After a brief, non-confrontational conversation, Mr. Oliva was asked to walk through the metal detector. Mr. Oliva attempted to comply, but Officer Nivar approached him from behind and, without justification or excuse, placed him in a choke hold. Mr. Oliva did not resist, raise his voice, or become confrontational.

14. Simultaneously, Captain Barahona grabbed Mr. Oliva's left arm and jerked it up then behind Mr. Olivas back. With each jerk, Mr. Oliva heard his shoulder make a loud popping sound. Mr. Oliva did not resist, raise his voice, or become confrontational

15. Officer Nivar and Captain Barahona began attempting to force Mr. Oliva to the ground. Officer Garcia assisted them in forcing Mr. Oliva to the ground. After forcing Mr. Oliva to the ground, Officer Garcia handcuffed Mr. Oliva. Officer Garcia secured the handcuffs too tightly, causing wrist pain and bruising.

16. Officer Nivar, Officer Garcia, and Captain Barahona then forced Mr. Oliva into a side room for questioning. He was detained there for an extended period. Mr. Oliva did not resist, raise his voice, or become confrontational.

17. While Mr. Oliva was unlawfully detained, Veteran Affair Police Officers badgered Mr. Oliva with questions before ultimately charging him with disorderly conduct. Mr. Oliva did not consent to detention, raise his voice, or become confrontational.

18. After the unjustified assault by Officer Nivar, Mr. Oliva suffered from swelling, bruising, and abrasions. He was treated at the Emergency Room that afternoon. After his initial Emergency Room visit, Mr. Oliva was treated by Dr. B. Cromer with El Paso Orthopedic Surgery Group, B. Newbrough concerning his throat and swallowing issues. He has also sought treatment at WBAMC clinic for his Post Traumatic Stress Disorder.

19. As a result of the assault, Mr. Oliva has had to undergo shoulder surgery on June 8, 2016. He has also had to seek treatment for difficulty swallowing, ear pain, ear infection, and persistent hoarseness.

20. Mr. Oliva also suffers from Post-Traumatic Stress Disorder ("PTSD") because of the assault. Mr. Oliva suffers weekly nightmares and associated intense diaphoresis. The assault has caused Mr. Oliva to worry excessively.

## CAUSES OF ACTION

### I.   FEDERAL TORT CLAIMS ACT

#### A.   FALSE ARREST/FALSE IMPRISONMENT

21. Plaintiff re-alleges and incorporates by reference paragraphs 9 through 20, above.

22. Mr. Oliva was falsely detained and arrested by Veteran Affairs Police Officers without Plaintiff's consent and without authority of law.

#### B.   ASSAULT

23. Plaintiff re-alleges and incorporates by reference paragraphs 9 through 20, above.

24. Mr. Oliva was unjustifiably assaulted by Veteran Affairs Police Officers without Plaintiff's consent and without authority of law.

### II.   *BIVENS*/CONSTITUTIONAL TORTS

25. Plaintiff re-alleges and incorporates by reference paragraphs 9 through 20, above.

26. As a result of the above-described actions, Mr. Oliva was deprived of his rights secured by the Fourth and Fifth Amendments to the U.S. Constitution and seeks recovery for the injuries he suffered.

27. Plaintiff is entitled to actual, compensatory, and punitive damages.

### JURY DEMAND

28. Plaintiff demands a trial by jury on his *Bivens* claim.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court provide the following relief:

A.   Assume jurisdiction over this action;

B. Award Plaintiff actual, compensatory, and punitive damages, in an amount to be determined by a jury at trial, and attorneys' fees and costs against Defendants Nivar and Barahoma for claims arising under the *Bivens* action;

C. Award Plaintiff actual and compensatory damages, in an amount to be determined by a jury at trial, against Defendant United States of America for claims arising under the FTCA;

D. Award Plaintiff any other relief that this Court deems just and proper at law and in equity.

Respectfully submitted,

THE LAW OFFICES OF ENRIQUE MORENO
701 Magoffin Avenue
El Paso, TX  79901
(915) 533-9977
FAX (915) 533-0033

By:      */s/  Enrique Moreno*
    ENRIQUE MORENO
    State Bar No. 14430500
    emoreno@morenolaw.us


AND

JOE A. SPENCER, JR.
State Bar No. 18921800
joe@joespencerlaw.com
1009 Montana Ave.
El Paso, Texas 79902
(915) 532-5562
FAX  (915) 532-7535


By:    */s/ Joe A. Spencer, Jr.*
    JOE A. SPENCER, JR.