IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOSE L. OLIVA, | § | |
| Plaintiff, | § | CAUSE NO. 3:18-CV-00015-FM |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| MARIO J. NIVAR, HECTOR | § | |
| BARAHONA and MARIO GARCIA, | § | |
| Defendants, | § | |

## DEFENDANTS MARIO J. NIVAR, HECTOR BARAHON, and MARIO GARCIA'S MOTION FOR SUMMARY JUDGMENT

Defendants Mario J. Nivar, Hector Barahona, and Mario Garcia move for summary judgment and in support thereof would respectfully show the Court the following.

## SUMMARY OF THE ARGUMENT

Plaintiff has brought a civil complaint urging this Court to find that, first, he was the subject of False Arrest or False Imprisonment and Assault which are brought under the umbrella of the Federal Tort Claims Act; and second, that Bivens and its progeny have created a Judicially recognizable cause of action for the alleged conduct occurring on or about February 16, 2016.

Defendants Mario J. Nivar, Hector Barahona, and Mario Garcia are federal employees employed by the Veteran's Affairs Department to provide security for physicians and patients in El Paso, Texas. All three individuals are named as the defendants in this case, along with the United States of America. Defendants demonstrate that the Plaintiff's Complaint does not

plausibly plead facts that overcome the defense of qualified immunity, and named individual Defendants are entitled to summary judgment.

## FACTS

A fact appendix is filed with this motion.

## PROCEDURAL HISTORY

This case was originally filed on January 16, 2018, approximately 30 days before the statute of limitations ran. Limited discovery ensued until Counsel for the individual defendants filed their entry of appearances after this Court held a Status Conference on September 24, 2018, wherein this Court Ordered the individual Defendants named herein to obtain private Counsel. The Parties have submitted to mediation as directed but were unable to resolve any of the matters pending in this cause of action. This Court's scheduling Order, among other dates, set a deadline of July 7, 2019, to submit any dispositive motions for the Court to hear prior to trial.

# ARGUMENT AND AUTHORITIES

**I.     The Individual Defendants are entitled to Qualified Immunity for the claims brought under the Federal Tort Claims Act 28 U.S.C. 1346 et.seq.**

Summary judgment is appropriate only if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. RULE CIV. PROC. 56(a). In making that determination, a court must view the evidence "in the light most favorable to the opposing party." *See Tolan v. Cotton*, 572 U.S. 650, 656–57, 134 S. Ct. 1861, 1866, 188 L. Ed. 2d 895 (2014*) citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *see also Anderson*, supra, at 255, 106 S.Ct. 2505.

In resolving questions of qualified immunity at summary judgment, courts engage in a two-pronged inquiry. The first asks whether the facts, "[t]aken in the light most favorable to the party asserting the injury, ... show the officer's conduct violated a [federal] right [.]" *See Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). When a plaintiff alleges excessive force during an investigation or arrest, the federal right at issue is the Fourth Amendment right against unreasonable seizures. *See Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The inquiry into whether this right was violated requires a balancing of "'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion.'" *See Tolan v. Cotton[1]*, 572 U.S. 650, 655–56, 134 S. Ct. 1861, 1865–66, 188 L. Ed. 2d 895 (2014)

---

[1] On remand, Tolan v. Cotton, No. 4:09-CV-1324, 2015 WL 5310801 (S.D. Tex. Sept. 11, 2015), the Southern District of Texas granted Motion for Summary Judgment in favor of the City of Bellaire, Texas and the police officer involved in shooting the Plaintiff during an encounter wherein the Plaintiff filed suit on the theory of excessive force in violation of the Texas Tort Claims Act and 42 U.S.C. 1983. The Court reviewed the actions of the officer involved in the shooting in light of the standard espoused by the United

citing *Tennessee v. Garner*, 471 U.S. 1, 8, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985); *see Graham, supra*, at 396, 109 S.Ct. 1865.

The second prong of the qualified-immunity analysis asks whether the right in question was "clearly established" at the time of the violation. *See Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002). Governmental actors are "shielded from liability for civil damages if their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Ibid. "[T]he salient question ... is whether the state of the law" at the time of an incident provided "fair warning" to the defendants "that their alleged [conduct] was unconstitutional." Id., at 741, 122 S.Ct. 2508. *See Tolan v. Cotton*, 572 U.S. 650, 656, 134 S. Ct. 1861, 1866, 188 L. Ed. 2d 895 (2014).

In cases alleging unreasonable searches or seizures, we have instructed that courts should define the "clearly established" right at issue on the basis of the "specific context of the case." *See Tolan v. Cotton*, 572 U.S. at 657 *citing Saucier*, supra, at 201, 121 S.Ct. 2151; *see also Anderson v. Creighton*, 483 U.S. 635, 640–641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

In the immediate case, Plaintiff alleges that he was detained against his will and assaulted while entering the Veteran's Administration Clinic in El Paso. (see Attached sworn answers to Defendant, Mario Garcia's Interrogatories at page 5—exhibit 4 attached hereto). Plaintiff admits that he was asked for identification and that he did not have it on his person. (see Id.) Plaintiff further admits that he was entering a secure area as he was having to submit to a security checkpoint. (see Id.) This factual recitation is also reflected in the Original Complaint filed on January 16, 2018.

---

Supreme Court in Tolan I, and entered Judgment in favor of the Defendants.

Contained within the attached affidavits are sworn statements that clearly outline the official protocol followed by each and every named individual defendant during the incident in question. The attached affidavits state that the Plaintiff was not permitted to enter given his lack of identification, and that this procedure was required of all persons attempting to enter the VA facility. (see attached sworn affidavits of each individual defendant).

## II. The Bivens claims fails as Defendants are Entitled to Qualified Immunity Pursuant to Abassi v. Ziglar

A federal official is immune from a Bivens suit unless the plaintiff shows (1) that the official's conduct violated a constitutional right, and (2) that at the time the alleged violation occurred, the right was clearly established. *See Saucier v. Katz*, 533 U.S. 194, 202 (2001); Pearson v. Callahan, 555 U.S. 223, 233-36 (2009). The qualified-immunity inquiry turns on the "objective legal reasonableness" of the official's acts, *see Harlow v. Fitzgerald*, 457 U.S. 800, 819, 102 S.Ct. 2727, 73 L.Ed.2d 396, "assessed in light of the legal rules that were 'clearly established' at the time [the action] was taken," *See Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 97 L.Ed.2d 523. If it would have been clear to a reasonable officer that the alleged conduct "was unlawful in the situation he confronted," *see Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272, the defendant officer is not entitled to qualified immunity. But if a reasonable officer might not have known that the conduct was unlawful, then the officer is entitled to qualified immunity. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1850, 198 L. Ed. 2d 290 (2017).

Under the standard set forth in *Abbasi* it is clear that the individual defendants' actions are well within the realm of reasonable law enforcement protocol. The attached affidavits from

each individual defendant reflects the reasoning for detaining an unlawful entrant onto federal property. The three individual defendants were charged with safeguarding the VA clinic; their actions collectively were just that. The Plaintiff admits he did not have identification on his person upon attempting to the clinic. (see Exhibit 4 at pg. 5). The Abbasi Court's proscribed test for the application of qualified immunity for law enforcement provided that a reasonable officer would not have considered the conduct unlawful. Even looking at the Plaintiff's rendition of facts, although disputed, the three individual defendants requested identification from a guest at a federal facility, when it wasn't presented, detained the offender, and subdued said individual until he was no longer deemed a threat. (see Plaintiff's Original Complaint at pg. 6 paragraphs 9-17).

These facts convincingly demonstrate that the individual defendants have absolutely no personal liability as plead for in the Plaintiff's Original Complaint. Accordingly, the Defendants respectfully request that the Court grant the motion for summary judgment.

Respectfully submitted,

Ortega, McGlashan, Hicks & Perez, PLLC

/s/ Gabriel S. Perez
Gabriel S. Perez,
Email: gabrielperez@omhplaw.com
Texas Bar Number: 24063580
New Mexico Bar Number: 128388
609 Myrtle Ave. Suite 100
El Paso, TX 79901
Email Address: gabrielperez@omhplaw.com
Telephone: 915-542-1883
Fax Number: 915-542-3500

Respectfully submitted,

/s/ Jim Jopling
Jim Jopling
Attorney at Law
747 E. San Antonio Ave., Ste. 103

El Paso, Texas 79901
(915) 541-6099 Voice
(866) 864-6854 Facsimile
jim@joplinglaw.com
www.joplinglaw.com

Respectfully submitted,

/s/ Louis E. Lopez
Louis E. Lopez
     SBN: 00787923
416 N. Stanton, Suite 400
El Paso, Texas 79901
Telephone 915-543-9800
Facsimile : 915-543-9804
Email: llopez@lelopezlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically via the

PACER filing system on all parties in accordance with the Federal Rules of Civil Procedure.

/s/ Gabriel S. Perez
Gabriel S. Perez

JOSE L. OLIVA,
    Plaintiff,

v.

UNITED STATES OF AMERICA,
MARIO J. NIVAR, HECTOR
BARAHONA and MARIO GARCIA,
    Defendants,

§
§
§
§
§
§
§
§
§

CAUSE NO. 3:18-CV-00015-FM

## FACT APPENDIX TO DEFENDANTS MARIO J. NIVAR, HECTOR BARAHON, and MARIO GARCIA'S MOTION FOR SUMMARY JUDGMENT

## FACTS

Defendants Mario J. Nivar, Hector Barahona, and Mario Garcia are referred to in this motion as the Individual Defendants. They submit their declarations to establish certain facts pertinent to their motions for summary judgment on the issue of their personal involvement in the incident that the Plaintiff alleges gave rise to this case.

Defendant Mario J. Nivar's declaration is Exhibit 1

Defendant Hector Barahona's declaration is Exhibit 2

Defendant Mario Garcia's declaration is Exhibit 3

Plaintiff Jose L. Oliva's Response to Mario Garcia's Interrogatories is Exhibit 4

*References to the allegations of the Plaintiff's Original Complaint are specifically identified in the next section, and the Supervisory Defendants specifically do not admit those allegations as true.*

***Factual Summary Plead by Plaintiff***

The Plaintiff has plead that he was in fact attempting to enter a federally controlled medical facility, the El Paso, Texas Veteran's Administration clinic, on February 16, 2016, when he was asked to provide identification by the individual defendants. Plaintiff's Original Complaint pp. 3 of 6 at paragraphs 9 through 17.

# EXHIBIT 1

DECLARATION OF MARIO J. NIVAR

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOSE L. OLIVA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | EP-18-CV-00015-FM |
| UNITED STATES OF AMERICA; | § | |
| MARIO J. NIVAR; HECTOR | § | |
| BARAHONA; AND MARIO GARCIA, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## AFFIDAVIT OF MARIO J. NIVAR

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF EL PASO | § |

ON THIS DAY, came before me, the undersigned Notary Public in and for the state of Texas, Mario J. Nivar, a person whose identity was verified by me and who, upon his oath, deposed and stated as follows:

"My name is Mario J. Nivar. I am over the age of 21 years, of sound mind, competent and qualified to make this affidavit. I have personal knowledge of all facts stated in this affidavit and I hereby swear and affirm that they are true and correct. I am a resident of El Paso County, Texas, and I read, speak, and understand the English language.

"On February 16, 2016, I was employed by the Department of Veteran Affairs as a peace officer providing security for the patients and physicians occupying said clinic. On that day, Jose L. Oliva attempted to enter the facility without first clearing security. At the time he attempted to enter the facility, he was not authorized to enter. He was not authorized to enter because none of the security personnel, including me, had seen his driver's license. All people entering the facility are required to show their driver's license before entering the facility. It is part of my regular, assigned duties to prevent individuals from entering the facility when they have not been given authorization to enter. The contact with the Plaintiff, Jose L. Oliva, was during the course and scope of my employment and pursuant to my assigned duties as a peace officer with the

1

Department of Veteran Affairs. I was wearing my law enforcement uniform at the time."

"Further Affiant Sayeth Naught."

_____
Mario J. Nivar, affiant

SIGNED under oath before me on ___July 6___, 2019.

CYNTHIA IMELDA RAMIREZ
My Notary ID # 131365146
Expires November 29, 2021

_____
Notary Public, State of Texas

2

# EXHIBIT 2

DECLARATION OF HECTOR BARAHONA

JOSE L. OLIVA,

    Plaintiff,

v.

UNITED STATES OF AMERICA
MARIO J. NIVAR, HECTOR
BARAHONA, and MARIO GARCIA,

    Defendants.

Civil Action No. 3:18-CV-15-FM

## DEFENDANT HECTOR BARAHONA'S AFFIDAVIT IN SUPPORT

Defendant, HECTOR BARAHONA after being duly sworn, states as follows:

"My name is HECTOR BARAHONA, one of the individual defendants in the immediate cause of action. I am over the age of 18, a resident of El Paso County, Texas, and I read, speak, and understand the English language.

"On February 16, 2016, I was employed by the Department of Veteran Affairs medical clinic providing security for the patients and physicians occupying said clinic. On that day, Jose L. Oliva attempted to enter the facility without first clearing security. At the time he attempted to enter the facility, he was not authorized to enter. He was not authorized to enter because none of the security personnel, including me, had seen his driver's license. All people entering the facility are required to show their driver's license before entering the facility. It is part of my regular, assigned duties to prevent individuals from entering the facility when they have not been given authorization to enter. The contact with the Plaintiff, Jose L. Oliva was during the course and scope of my employment and pursuant to my assigned duties as a peace officer with the Department of Veteran Affairs. I was wearing my work uniform."

"Further Affiant Sayeth Naught."

Hector Barahona

SIGNED under oath before me on ___7/8___, 2019.

_____
Notary Public, State of Texas

BERTHA FELDBUSCH
My Notary ID # 124248974
Expires June 18, 2022

# EXHIBIT 3

<u>DECLARATION OF MARIO GARCIA</u>

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| JOSE L. OLIVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:18-CV-15-FM |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| MARIO J. NIVAR, HECTOR | ) | |
| BARAHONA, and **MARIO GARCIA,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **DEFENDANT MARIO GARCIA'S AFFIDAVIT IN SUPPORT**

Defendant, MARIO GARCIA after being duly sworn, states as follows:

"My name is Mario Garcia, one of the individual defendants in the immediate cause of action. I am over the age of 21 years, of sound mind, competent and qualified to make this affidavit. I have personal knowledge of all facts stated in this affidavit and I hereby swear and affirm that they are true and correct. I am a resident of El Paso County, Texas, and I read, speak, and understand the English language.

"On February 16, 2016, I was employed by the Department of Veteran Affairs medical clinic providing security for the patients and physicians occupying said clinic. On that day, Jose L. Oliva attempted to enter the facility without first clearing security. At the time he attempted to enter the facility, he was not authorized to enter. He was not authorized to enter because none of the security personnel, including me, had seen his driver's license. All people entering the facility are required to show their driver's license before entering the facility. It is part of my regular, assigned duties to prevent individuals from entering the facility when they have not been given authorization to enter. The contact with the Plaintiff, Jose L. Oliva was during the course and scope of my employment and pursuant to my assigned duties as a peace officer with the Department of Veteran Affairs. I was wearing my work uniform."

"Further Affiant Sayeth Naught."

- 6 -

_____
Mario Garcia

SIGNED under oath before me on ___July 8___, 2019.

_____
Notary Public, State of Texas

BERTHA FELDBUSCH
My Notary ID # 124248974
Expires June 18, 2022

# EXHIBIT 4

<u>PLAINTIFF'S RESPONSES TO INTERROGATORIES OF MARIO GARCIA</u>

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **JOSE L. OLIVA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:18-CV-00015-FM** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **MARIO J. NIVAR, HECTOR** | § | |
| **BARAHONA, and MARIO GARCIA,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT MARIO GARCIA'S FIRST SET OF INTERROGATORIES

**TO:** **MARIO GARCIA, Defendant,** by and through its Counsel of record, Mr. Gabriel Perez, Ortega McGlashan Hicks & Perez, P.L.L.C., 609 Myrtle Ave., Suite 100 El Paso, Texas 79901.

Comes now Plaintiff, JOSE L. OLIVA, and pursuant to the FEDERAL RULES OF CIVIL PROCEDURE, submit these his Answers and Objections to Defendant Mario Garcia's First Set of Interrogatories as follows:

Answers on Exhibit "A" attached hereto.

Respectfully submitted,

THE LAW OFFICES OF ENRIQUE MORENO
701 Magoffin Avenue
El Paso, TX 79901
(915) 533-9977
(915) 533-0033 Facsimile

By: _____
ENRIQUE MORENO
State Bar No. 14430500
emoreno@morenolaw.us
ELENA ALICIA ESPARZA
State Bar No. 24101736
eesparza@morenolaw.us

*Oliva v. United States of America, et al.*
Plaintiff's Answers and Objections to Defendant Garcia's First Set of Interrogatories

Page 1 of 7

AND

JOE A. SPENCER, JR.
State Bar No. 18921800
joe@joespencerlaw.com
1009 Montana Ave.
El Paso, TX 79902
(915) 532-5562
(915) 532-7535 Facsimile

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2C day of **February, 2019,** I delivered a true and correct copy of the foregoing instrument to **All Counsel of Record,** by Electronic Transmission and Facsimile, in accordance with the FEDERAL RULES OF CIVIL PROCEDURE, as follows:

Gabriel S. Perez, Esq.
Ortega McGlashan Hicks & Perez, PLLC
609 Myrtle Ave., Suite 100
El Paso, TX 79901
*915-542-3500-FAX*
gabrielperez@omhplaw.com
*Attorneys for Defendant*
*Mario Garcia*

Eric Paxton Warner, Assistant U.S. Attorney
U.S. Attorney's Office - SDTX
1701 W. Business Hwy 83
McAllen, TX 78501
*956-618-8016-FAX*
paxton.warner@usdoj.gov
*Attorneys for Defendant*
*United States of America*

Jim K. Jopling, Esq.
747 East San Antonio Ave., Suite 103
El Paso, TX 79901
*866-864-6854-FAX*
jim@joplinglaw.com
*Attorneys for Defendant*
*Mario J. Nivar*

Louis E. Lopez, Jr., Esq.
416 N. Stanton, Suite 400
El Paso, TX 79901
915-543-9804 - FAX
llopez@lelopezlaw.com
*Attorneys for Defendant*
*Hector Barahona*

ENRIQUE MORENO

# E X H I B I T "A"

## I. GENERAL OBJECTIONS AND RESPONSES TO ALL INTERROGATORIES

### 1. Attorney-Client Privilege/Work Product Doctrine:

To the extent that any discovery request by Defendant intrudes upon the attorney-client privilege or the attorney work-product doctrine, Plaintiff objects to such discovery. All responses to this discovery request, including any supplementation, will be made subject to and without waiving this objection.

### 2. Request for Material Prepared in Anticipation of Litigation:

To the extent that any discovery request by Defendant seeks information or documents prepared in anticipation of litigation, Plaintiff objects to such discovery. All responses to this discovery request, including any supplementation, will be made subject to and without waiving this objection.

### 3.      Physician-Patient Privilege:

To the extent that any discovery request by Defendant intrudes upon the physician-patient privilege, Plaintiff objects to such discovery. All responses to this discovery request, including any supplementation, will be made subject to and without waiving this objection.

4.      Plaintiff responds to Defendant's discovery requests in the manner and to the extent that it is required to do so by the FEDERAL RULES OF CIVIL PROCEDURE. Plaintiff objects to any instruction or any sub-part of any instruction that attempts to propose obligations on Plaintiff in excess of those contained in the FEDERAL RULES OF CIVIL PROCEDURE.

5.      Plaintiff objects to all definitions to the extent those definitions seek to modify the plain meaning of any word used in Defendant's discovery requests. Plaintiff will respond using the plain meaning of any word contained in the interrogatory, but will recognize defined terms relating to persons, entities or documents relevant to this case.

6.      Plaintiff reserves the right to supplement or amend his responses hereto.

7.      Plaintiff objects to these discovery requests to the extent that they exceed the number of requests allowed by the FEDERAL RULES OF CIVIL PROCEDURE, or to the extent that a definition set forth by Defendant attempts to impose an obligation on him in excess of the obligations set forth in the FEDERAL RULES OF CIVIL PROCEDURE.

*Oliva v. United States of America, et al.*
Plaintiff's Answers and Objections to Defendant Garcia's First Set of Interrogatories

Page 3 of 7

8.     Plaintiff reserves the right to utilize all facts discovered by the parties in any of the depositions taken in this case, all documents produced by Plaintiff to any Defendant in response to any discovery requests, and all documents produced by any Defendant in response to Plaintiff's, or any Defendant's discovery requests. Plaintiff reserves the right to supplement responses as discovery is ongoing.

## II. <u>ANSWERS TO INTERROGSTORIES</u>

1.     State the name, address and phone number of any person who examined the Plaintiff for damages arising from the incident made the basis of the immediate law suit, and if you will do so without a request to produce, please produce copies of any document, report or pictures of said examination.

## <u>ANSWER:</u>

Plaintiff has been and continues to be treated by the following medical providers. Medical records in Plaintiff's possession will be produced in Plaintiff's Responses to Defendant's Requests for Production.

Barry L. Cromer, MD, Orthopaedic Surgeon
1700 Murchison
El Paso, TX 79902

Cheryl Ledford, MD, Orthopaedic Surgeon
4646 North Mesa Street
El Paso, TX 79912

Gregory Misenhimer, MD, Orthopaedic Surgeon
4646 North Mesa Street
El Paso, TX 79912

Jorge L. Contreras, MD, ENT
201 Bartlett Street, Suite A
El Paso, TX 79912

Dr. Haque, Pain Management
El Paso VA Clinic
5001 North Piedras Street
El Paso, TX 79930

Dr. Bernardo Tarin Godoy, Psychiatrist
El Paso VA Clinic
5001 North Piedras Street
El Paso, TX 79930

B. Neubraugh, MD, ENT
WBAMC
El Paso, TX 79930

Plaintiff reserves the right to supplement this response as discovery is ongoing.


2.  Describe in detail the collision and each act or omission of each person in the incident made
    the basis of your Complaint in the immediate suit. Please direct your attention to the
    following details in answering this interrogatory:

    a.  Please state everything Defendant, Mario Garcia, did or failed to do, which
        contributed to the alleged damages of the Plaintiff.
    b.  Please state everything any other Defendant did or failed to do, which contributed
        to the alleged damages of the Plaintiff.
    c.  Please state anything that you, Jose L. Oliva did or failed to do, which contributed
        to the alleged damages of the Plaintiff.

## ANSWER:

On the date of the subject assault, Plaintiff entered the lobby at the El Paso VA Clinic and
placed his belongings into a bin as required by VA security. Officer Nivar, who was
manning the entry, asked Plaintiff for his identification. When Plaintiff informed the officer
that his identification was with his belongings in the bin, Officer Nivar became agitated
and removed Plaintiff's belongings to the other side of the security area out of Plaintiff's
reach. When a lieutenant questioned Officer Nivar, he responded that Plaintiff had an
attitude and needed to be spoken to in private. Officers Nivar removed his handcuffs.
Plaintiff, who had done nothing wrong and was attempting to comply with all instructions,
informed Officer Nivar that he had done nothing wrong and he should not be handcuffed.
Officer Nivar became more agitated.

Officer Barahona waived Plaintiff through the metal detector. As Plaintiff walked through
the metal detector, Officer Nivar brutally grabbed Plaintiff and placed him in a choke hold
while putting intense pressure on Plaintiff's head. Meanwhile, Officer Barahona brutally
grabbed Plaintiff's left arm and jerked it up in the air causing his shoulder to pop, Officer
Barahona then jerked Plaintiff's arm again and caused his shoulder to pop a second time.
Officer Nivar maintained his chokehold on Plaintiff. Plaintiff screamed that he could not
breath, but Officer Nivar did not release his chokehold.

Officer Mario Garcia joined Officers Nivar and Barahona. Together with the other officers,
Officer Garcia assaulted Plaintiff. Further, Officer Garcia brutally handcuffed Plaintiff and
slammed him into the ground. Officer Garcia then, and together with the other officers,
picked Plaintiff up and dragged him to the office.

*Oliva v. United States of America, et al.*
Plaintiff's Answers and Objections to Defendant Garcia's First Set of Interrogatories

Page 5 of 7

3.  Describe in detail any arrest, claim or other charge that may have been issued to you at any time as a result of the incident made the basis of your Complaint, including grounds for same and the result of any hearing or judgment on the same, the date of such hearing or judgment and any fine, sentence or other penalty.

**ANSWER:**

Other than the subject incident, Plaintiff has never been arrested or convicted of any crime.

4.  Describe in detail any other law suits that Plaintiff, Jose L. Oliva has been involved in. Include the dates, location, name, parties, witnesses, nature and extent of damages, hearings, lawsuits, orders, fines, penalties, judgments or convictions arising therefrom.

**ANSWER:**

Plaintiff objects to this interrogatory because it requests information which is not within the scope of discovery, is not relevant or will not lead to admissible evidence, is overly broad, is unduly burdensome and constitutes harassment. Subject to the foregoing objection, Plaintiff was a plaintiff in a case which involved an automobile accident in approximately 1993 to 1995, cannot recall the exact date. He filed a claim for personal injuries and the case was settled.

5.  Please give the name, address and phone number of anyone except an expert who will not testify at trial who took or prepared the following photographs or video recordings that you possess or control, your attorney possesses or controls, or any agent of you or your attorney possesses or controls:

    a.  Photographs or video recordings showing any injury alleged to have been caused by the incident mentioned in the complaint;
    b.  Photographs or video recordings showing the Defendant;
    c.  State the number of photographs taken.
    d.  State the date when each photograph was taken.
    e.  State the name, address and telephone number of all persons who have conducted any surveillance on any party to this law suit. State in detail all facts found in such surveillance.

**ANSWER:**

Plaintiff will provide information in accordance with the Court's Scheduling Order.

6.  If you assert or claim that a third party in any way caused or contributed to the occurrence in question, please state what your assertion or claim is concerning how a third party in any way caused or contributed to the accident in question and state the factual bases for your contentions.

**ANSWER:**

Plaintiff is unaware of any.

7.  Please state completely and fully all representations, statements, declarations or admissions made by Defendant or any agents, servants or other Defendant, which you might attempt to make known to the judge or jury in the trial of this lawsuit

**ANSWER:**

Plaintiff objects to this interrogatory because the request, as drafted, requests information which is attorney work product and attorney thought process. Subject to this objection, see documents produced by the United States of America in this case.

*Oliva v. United States of America, et al.*
Plaintiff's Answers and Objections to Defendant Garcia's First Set of Interrogatories

Page 7 of 7

## DECLARATION OF JOSE L. OLIVA

I declare under penalty of perjury that my answers to Defendant Mario Garcia's First Set of Interrogatories are true and correct. Executed on this _22_ day of February, 2019.

_____
JOSE L. OLIVA