UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOSE L. OLIVA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-18-CV-00015-FM |
| | § | |
| UNITED STATES OF AMERICA; | § | |
| MARIO J. NIVAR; HECTOR | § | |
| BARAHONA; and MARIO GARCIA, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT [ECF No. 80]

Before the court are "Defendants Mario J. Nivar, Hector Barahon [sic], Mario Garcia's Motion for Summary Judgment" ("Motion") [ECF No. 80], filed July 8, 2019 by Mario Nivar ("Nivar"), Hector Barahona ("Barahona"), and Mario Garcia ("Garcia") (collectively, "Officers"); and "Plaintiff's Response to Defendants Nivar, Barahona, and Garcia's Motion for Summary Judgment" ("Response") [ECF No. 82], filed July 15, 2019 by Jose Oliva ("Plaintiff"). Based on the Motion, Response, and applicable law, the Motion is **DENIED**.

### I. BACKGROUND

*A. Factual Background*

On February 16, 2016, Plaintiff visited the Veteran Affairs Health Care System ("VA").[1] To enter the VA, visitors are required to go through a metal detector and run their personal belongings through a similar machine.[2]

---

[1] "Plaintiff's Response to Defendants Nivar, Barahona, and Garcia's Motion for Summary Judgment" ("Resp."), ECF No. 82, filed July 15, 2019; "Affidavit of Jose L. Oliva" ("Oliva Aff.") 1, Ex. A; *see* "Defendants Mario J. Nivar, Hector Barahon [sic], Mario Garcia's Motion for Summary Judgment" ("Mot."), ECF No. 80, filed July 8, 2019, "Affidavit of Mario J. Nivar" ("Nivar Aff.") 1, Ex. 1; *see also* "Defendant Hector Barahona's Affidavit in Support" ("Barahona Aff.") 1, Ex. 2; Defendant Mario Garcia's Affidavit in Support" ("Garcia Aff.") 1, Ex. 3.

[2] Oliva Aff. 2 ¶ 7; *see generally* Mot., "Electronic Exhibit B" ("Video Ex. B"), Ex. B.

1

Upon Plaintiff getting in the security line, he started to have a conversation with Nivar.[3] Nivar then approached Plaintiff with handcuffs drawn.[4] After more conversation, Nivar pointed towards the metal detector.[5] As Plaintiff approached the metal detector, an altercation occurred between Nivar, Barahona, Garcia, and Plaintiff.[6] Officers then restrained Plaintiff on the ground using a chokehold.[7]

According to Plaintiff, he placed his identification card in the inspection bin.[8] Plaintiff contends Nivar was agitated and asked for his identification despite his explanation that his identification was in the inspection bin.[9] Plaintiff asserts that after this discussion, Nivar instructed him to walk through the metal detector, upon which he was "attacked" and restrained on the ground.[10] Plaintiff claims he did not resist the detention or arrest.[11]

Officers attest that arresting Plaintiff was warranted as he "attempted to enter the facility without first clearing security."[12] Officers claim Plaintiff did not provide his driver's license.[13]

---

[3] Video Ex. B, at 00:25.

[4] *Id.* at 00:53.

[5] *Id.* at 01:00.

[6] *Id.* at 01:07.

[7] *Id.* at 01:09.

[8] Oliva Aff. 2 ¶ 5.

[9] *Id.* at 2 ¶ 6.

[10] *Id.* at 2 ¶ 7–8.

[11] *Id.* at 2 ¶ 9.

[12] Nivar Aff. 1; Barahona Aff. 1; Garcia Aff. 1.

[13] *Id.*

Plaintiff filed suit against Officers and the United States of America, bringing two claims under the Federal Tort Claims Act ("FTCA") 28 U.S.C. § 1346 *et seq* and a Fourth Amendment claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*[14] ("*Bivens*").[15]

### B. Parties' Arguments

Officers assert they are entitled to qualified immunity for claims brought under the FTCA.[16] Officers also argue summary judgment is warranted on the *Bivens* claim due to qualified immunity.[17]

Plaintiff ripostes that he has established facts showing Officers violated a constitutional right and the right was clearly established at the time of the altercation.[18] Accordingly, Plaintiff claims that summary judgment is not warranted as genuine issues of material fact remain.[19]

## II. **LEGAL STANDARD**

Summary judgment is proper where the pleadings, discovery, and affidavits demonstrate there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[20] A dispute over a material fact is genuine "when there is evidence sufficient for

---

[14] 403 U.S. 388.

[15] "Plaintiff's Original Complaint" ("Compl.") 5, ECF No. 1, filed Jan. 16, 2018.

[16] Mot. 3–4.

[17] *Id.* at 5–6.

[18] Resp. 3.

[19] *Id.*

[20] Fed. R. Civ. P. 56(a).

a rational trier of fact to find for the non-moving party."[21] Substantive law defines which facts are material.[22]

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits demonstrating the absence of a genuine issue of material fact.[23] When considering only admissible evidence in the pretrial record,[24] the court will "view all facts in the light most favorable to the non-moving party" and draw all factual inferences in the nonmovant's favor.[25] If the moving party cannot demonstrate the absence of a genuine issue of material fact, summary judgment is inappropriate.[26]

Once the moving party has met its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing there is a genuine issue for trial.[27] The nonmoving party's burden is not satisfied by the raising of "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[28] The court does not "in the absence of any proof assume that the nonmoving party could or would prove the necessary facts."[29] When reviewing the parties' submissions, the court does not weigh the evidence or determine the credibility of the

---

[21] *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 323 (5th Cir. 2002) (citation omitted).

[22] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[23] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[24] *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995).

[25] *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 582 (5th Cir. 2006) (per curiam) (citation omitted).

[26] *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

[27] *Celotex*, 477 U.S. at 324 (internal quotation marks and citation omitted).

[28] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (internal quotation marks and citations omitted).

[29] *Id.* at 1075 (emphasis removed).

4

witnesses."[30] Once the nonmovant has had the opportunity to make this showing, summary judgment will be granted "if no reasonable juror could find for the nonmovant."[31]

### III. DISCUSSION

*A. Officers Are Not Entitled to Qualified Immunity for Claims under the FTCA*

The FTCA permits a plaintiff to sue the United States of America and not an individual employee.[32] Here, Plaintiff asserts FTCA claims against the United States under the FTCA.[33] Critically, Plaintiff does not bring a FTCA claim against Officers.[34] Accordingly, Officers are not entitled to summary judgment on Plaintiff's FTCA claims.

*B. Officers Do Not Receive Qualified Immunity for Plaintiff's Bivens Claims*

Government officials receive protection "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[35] Courts employ a two-prong analysis to assess whether an officer may assert the privilege of qualified immunity.[36] The first prong is whether the evidence, in the light most favorable to the plaintiff, shows the officer violated the plaintiff's constitutional rights.[37] The second prong is whether the officer's actions were objectively

---

[30] *Caboni*, 278 F.3d 448, 451 (5th Cir. 2002) (citation omitted).

[31] *Id.*

[32] 28 U.S.C. § 1346(b).

[33] Compl. 5.

[34] *Id.*

[35] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1850 (2017).

[36] *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

[37] *Id.* at 232.

reasonable in light of clearly established law.[38] Both prongs must be satisfied.[39] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."[40] However, analyzing them in order is "often beneficial."[41]

1. <u>Whether Plaintiff's Constitutional Rights Were Violated</u>

The court looks to: (1) if there is a question of material fact as to whether Plaintiff's injury resulted from excessive force; and (2) if that excessive force was objectively unreasonable.[42] The court does not consider the officer's subjective intent.[43] Plaintiff argues that his constitutional right to be free of excessive force was violated when Officers placed Plaintiff in a chokehold.[44] Officers contend Plaintiff attempted to enter the VA without authorization—justifying action.[45]

Courts analyze excessive force claims under the "objective reasonableness standard."[46] This standard does not employ hindsight to find the objective best course of action.[47] Instead, the court considers the totality of the circumstances "from the perspective of a reasonable officer

---

[38] *Id.*

[39] *Id.*

[40] *Id.* at 236.

[41] *Id.*

[42] *Cooper v. Brown*, 844 F.3d 517, 522 (5th Cir. 2016); *see also Elizondo v. Green*, 671 F.3d 506, 501 (5th Cir. 2012) (quoting *Collier v. Montgomery*, 569 F.3d 214, 218 (5th Cir. 2009)).

[43] *Graham v. Connor*, 490 U.S. 386, 397 (1989).

[44] Resp. 7.

[45] Mot. 6.

[46] *Graham*, 490 U.S. at 397.

[47] *Id.*

on the scene."[48] In *Graham v. Connor*,[49] the Supreme Court outlined several factors to consider: (1) the severity of the crime; (2) whether the suspect posed an immediate threat to the safety of officers or others; and (3) whether the suspect actively resisted.[50]

A court cannot take the severity of the crime into consideration if the plaintiff did not commit a crime.[51] Here, Plaintiff was charged with disorderly conduct—a misdemeanor.[52] However, the record does not reflect any evidence that Plaintiff was found guilty of disorderly conduct. Being charged with a crime is not equivalent to committing a crime. As Plaintiff was not convicted of a crime, this factor weighs against qualified immunity.

There is also a question of material fact as to whether Plaintiff represented a threat to officer or public safety. Plaintiff attests that he was attempting to comply with Officers' orders and remained nonconfrontational throughout the interaction.[53] According to Officers, Plaintiff attempted to gain unauthorized access to the VA facility without providing identification.[54] Officers seemingly argue failing to present identification can be inferred to present an immediate threat to officer or public safety.[55]

---

[48] *Id.* at 396.

[49] 490 U.S. 386 (1989).

[50] *Id.*

[51] *See Turmon v. Jordan*, 405 F.3d 202, 207 (5th Cir. 2005).

[52] Resp., "United States District Court Violation Notice" 1, Ex. D.

[53] Oliva Aff. 2 ¶ 9.

[54] Nivar Aff. 1; Barahona Aff. 1; Garcia Aff. 1.

[55] *Id.*

Furthermore, surveillance video of the incident shows Nivar stepping forward towards Plaintiff while displaying handcuffs.[56] Nivar did not handcuff Plaintiff, but instead pointed towards the metal detector.[57] In Plaintiff's affidavit, he states that he was told to approach the detector despite Officers not seeing his identification.[58] Once Plaintiff reached the metal detector, an altercation occurred.[59] During the altercation, Officers restrained Plaintiff through a chokehold.[60] Accordingly, a question of material fact remains as to whether Plaintiff presented a threat to officer or public safety.

Lastly, courts should look to whether the plaintiff resisted arrest.[61] Officers do not assert that Plaintiff actively resisted arrest.[62] Therefore, this factor also does not support qualified immunity.

All three of the factors enumerated in *Graham* show questions of material facts exist. Accordingly, when viewed in the light most favorable to the non-moving party, a genuine issue of material fact remains as to whether Plaintiff's constitutional rights were violated.

  2. <u>Whether Nivar's Actions Violated Clearly Established Law</u>

The second prong considers whether the officers' conduct violated clearly established law.[63] "If officers of a reasonable competence could disagree on this issue, immunity should be

---

[56] Video Ex. B at 00:53.

[57] *Id.* at 01:00.

[58] Oliva Aff. 2 ¶ 7.

[59] Video Ex. B at 01:07.

[60] *Id.* at 01:09.

[61] *Graham v. Connor*, 490 U.S. 386, 397 (1989).

[62] *See generally* Nivar Aff.; *see also* Barahona Aff.; Garcia Aff.

[63] *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

recognized."[64] This analysis is "highly fact-specific."[65] The protection of qualified immunity can be overcome through cases which are "directly on point."[66] If no case is directly on point, precedent must show "beyond debate" that a constitutional violation occurred.[67]

In *Darden v. City of Fort Worth*,[68] the Fifth Circuit held that use of force is excessive where the officer "strikes, punches, or violently slams a suspect who is not resisting arrest."[69] In *Darden*, an officer choked and pulled the plaintiff's hands behind his back, despite the plaintiff "purportedly complying with the officers' orders and not resisting arrest."[70] The Fifth Circuit explained that the law is "clearly established that violently slamming or striking a suspect who is not actively resisting arrest constitutes excessive use of force."[71] While *Darden* is particularly illustrative, the Fifth Circuit has regularly held an officer may not use excessive force when the individual is not resisting arrest or detention.[72]

Here, Plaintiff asserts Officers grappled and brought him to the ground—something the video evidence bears out.[73] Plaintiff also claims Nivar restrained him with a chokehold, despite

---

[64] *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

[65] *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015).

[66] *Darden v. City of Fort Worth*, 880 F.3d 722, 732 (5th Cir. 2018); *see also Ontiveros v. City of Rosenberg*, 564 F.3d 379, 383 n.1 (5th Cir. 2009).

[67] *Darden*, 880 F.3d at 732.

[68] 880 F.3d 722 (5th Cir. 2018).

[69] *Id* at 732.

[70] *Id.* at 733.

[71] *Id.* at 732.

[72] *Id.* at 733; *see also* Cooper v. Brown, 844 F.3d 517, 524 (5th Cir. 2016) ("Our caselaw makes certain that once an arrestee stops resisting, the degree of force an officer can employ is reduced"); *Newman v. Guedry*, 703 F.3d 757, 763 (5th Cir. 2012); *Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008).

[73] Video Ex. B 01:09–01:47.

9

not resisting the arrest.[74] Officers challenge these allegations, asserting Plaintiff's actions gave rise to the use of force.[75] When viewing the evidence in the light most favorable to Plaintiff, Officers violated clearly established law as determined by the Fifth Circuit when they used excessive force on an unresisting suspect.[76] Officers notably do not assert that Plaintiff resisted arrest.[77] This is critical as an officer who grapples and chokes a suspect who is not actively resisting violated clearly established law in *Darden*.[78]

When viewing the submitted evidence in the light most favorable to Plaintiff, a question of material fact remains as to whether Plaintiff's Fourth Amendment rights were violated. It is not the courts role to evaluate the evidence or its credibility, only that it is sufficient to allow a juror to reasonably find in favor of the non-moving party.[79] Thus, the protection of qualified immunity is defeated.

## IV.   CONCLUSION

Defendants Nivar, Barahona, and Garcia are not entitled to qualified immunity on Plaintiff's FTCA claims, as no FTCA claims are filed against them. Additionally, Plaintiff has provided sufficient evidence to defeat summary judgment as to his *Bivens* claim.

---

[74] Oliva Aff. 2 ¶ 8–9.

[75] Nivar Aff. 1; Barahona Aff. 1; Garcia Aff. 1.

[76] *Darden v. City of Fort Worth*, 880 F.3d 722, 732 (5th Cir. 2018).

[77] *See generally* Nivar Aff.; Barahona Aff.; Garcia Aff.

[78] *Darden*, 880 F.3d at 732.

[79] *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

Accordingly, it is **HEREBY ORDERED** that "Defendants Mario J. Nivar, Hector Barahon [sic], Mario Garcia's Motion for Summary Judgment" [ECF No. 80] is **DENIED**.

**SO ORDERED**.

**SIGNED** this _20_ day of **August, 2019**.

_____
**FRANK MONTALVO
UNITED STATES DISTRICT JUDGE**